IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IN RE: APPLICATION OF            CASE NO. _____

EXPEDO SHIPPING CORP.,

    Applicant,

v.

SMIT SALVAGE AND
SMIT TERMINALS,

    Respondents.

_____/

**APPLICATION FOR DISCOVERY ASSISTANCE
BY EXPEDO SHIPPING CORPORATION**

Applicant, Expedo Shipping Corp. ("ESC"), requests that the Court render discovery assistance with respect to foreign legal proceedings, pursuant to 28 U.S.C. §1782, for the reasons stated below. This application is supported by Applicant's separately filed Memorandum in Support of Application for Discovery Assistance.

1. The Applicant, ESC, is the owner of the tanker New Challenge (the "vessel"), a tanker flying the flag of the Marshall Islands.

2. The Applicant requests that the Court provide discovery assistance with respect to imminent and anticipated foreign legal proceedings, including a proceeding before the High Courts in London, the United Kingdom (the "Non-U.S. Proceedings").

3. The Applicant requests that Respondents, Smit Terminals and Smit Salvage ("Respondents" or "Smit"), which are present in the Southern District of Texas, have offices in the District, conduct sales and operational business from within the District,

1

    market and advertise themselves as being located within the District, and operate worldwide communications and logistics centers from within the District, be directed to provide the discovery described below in support of the Non-U.S. Proceedings.

4. Such assistance is expressly authorized by 28 U.S.C. § 1782, which provides that:

> The district court of the district in which a person resides or is found *may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal* . . . The order may be made . . . *upon the application of any interested person* and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

5. Section 1782 assistance is appropriate here because: (i) Each Respondent "resides or is found" in this district; (ii) the Applicant is an "interested person" (as a party to the Non-U.S. Proceedings); and (iii) the Non-U.S. Proceedings are each pending before "a foreign or international tribunal." *See Intel v. Advanced Micro Devices*, 542 U.S. 241 (2004).

6. The Applicant requests that Respondents be directed to provide documents and to appear for a deposition(s) in accordance with the Federal Rules of Civil Procedure.

7. The specific discovery that Applicant seeks from Respondents is set forth at Exhibit "A" to this application.

8. In light of the foregoing, the Applicant respectfully requests that this application for assistance be granted. A proposed order is attached hereto as Exhibit "B".

DATED: March 17, 2011                    Respectfully submitted,

                                              /s/ Steven B. Harris
                                              SQUIRE SANDERS & DEMPSEY (US) LLP
                                              Steven B. Harris
                                              Texas State Bar No. 09093200
                                              Southern District No. 3920
                                              6200 Chase Tower
                                              600 Travis Street
                                              Houston, Texas 77002
                                              Tel.:   713.546.5850
                                              Fax:   713.546.5830

Of Counsel:

Douglas R. Burnett
SQUIRE, SANDERS & DEMPSEY (US) LLP
30 Rockefeller Plaza
New York, New York 10112
Tel:    212.872.9800
Fax:    212.872.9815
Email:  Douglas.Burnett@ssd.com

Michael P. Hartman
SQUIRE, SANDERS & DEMPSEY (US) LLP
30 Rockefeller Plaza
New York, New York 10112
Tel:    212.872.9800
Fax:    212.872.9815
Email:  Michael.Hartman@ssd.com

                                              COUNSEL FOR APPLICANT
                                              EXPEDO SHIPPING CORP.

EXHIBIT A
DOCUMENTS TO BE PROVIDED

The Applicant requests that Respondents be directed to provide the Applicant with the following documents or things within 14 days of the Court's order granting discovery assistance:

1. Documents about Smit Terminals' and/or Smit Salvage's and/or Smit Terminals joint-venture Octomar's and/or Smit Subsea Service's knowledge of the leaks and pipeline repairs during the period of December 2006 through May 2007 as evidenced by construction and repair contracts, photographs and drawings of pipeline repairs, timesheets, clean up operations, and vendor contracts, including all documents exchanged with Total S.A., Chartering and Shipping Services S.A. ("CSSA"), Fina Petroleos de Angola S.A.R.L. ("FPA"), and Sonangol and/or divers the Respondents employed.

2. Documents of the Respondents' regarding the salvage master, supervisors or agents for the divers employed or hired to carry out the repairs to the submarine pipeline and pontoon, or Mighty Servant 3, including the names, telephone numbers and current address of each of the divers and their supervisor.

3. Documents of the Respondents including any reports or correspondence prepared or exchanged by the divers and/or their supervisors to their employer Smit Terminals and/or Smit Salvage and/or Smit Terminals joint-venture Octomar's and/or Smit Subsea Services and/or Total S.A. and/or CSSA and/or FPA and/or any Angolan government body, including the port of Luanda Harbor Master, relating to any work done on the underwater pipeline, pontoon, or the Mighty Servant 3.

4. The Respondents' documents, including any photographs or video and drawings, concerning (a) marine pollution, (b) the New Challenge, (c) the submarine pipeline and pontoon during the period of December 2006 through March 2007, (d) the Mighty Servant 3, including all salvage, survey, and pollution removal, during the period of December 2006 through May 2007.

5. Documents in Respondents' possession or control related to the Luanda oil transport facility, pontoon, pipeline, shoreside tanks and refinery, pollution remediation, Mighty Servant 3, including but not limited to the February 2007 report by the National Fisheries Research Institute to the Luanda Port Authority entitled *Determination of the Hydrocarbon Composition of Oils Collected from Two Ships: New Challenge and Mighty Servant-3 and from a Surface Slick in the Waters of Luanda Bay*, and all inspections, testing, sampling, surveys, and fines and penalties and correspondence with or from Angolan port and government authorities.

6. Respondents' documents and contracts relating to the salvage, survey, and pollution removal activities conducted on the Mighty Servant 3, such as contracts, surveys, salvage reports, pollution reports, timesheets, drawings, photographs and video, including all permits, fines, penalties, remediation requirements, and all correspondence related to or referencing those documents.

WITNESS(ES) TO BE PROVIDED FOR
SWORN VIDEOTAPED DEPOSITION(S)

The Applicant requests that Respondents be directed to produce the following witness(es) for a sworn deposition(s), before a videographer, within 30 days of the Court's order granting discovery assistance:

1. Respondents' most knowledgeable representative(s) with respect to Smit Terminals' and/or Smit Salvage's and/or Smit Terminals joint-venture Octomar's and/or Smit Subsea Service's knowledge of the leaks and pipeline repairs during the period of December 2006 through May 2007 as evidenced by construction and repair contracts, photographs and drawings of pipeline repairs, timesheets, clean up operations, and vendor contracts, including all documents exchanged with Total S.A., CSSA, FPA, and Sonangol and/or divers the Respondents employed.

2. Respondents' most knowledgeable representative(s) with respect to the salvage master, supervisors or agents for the divers employed or hired to carry out the repairs to the submarine pipeline and pontoon, or Mighty Servant 3, including the names, telephone numbers and current address of each of the divers and their supervisor.

3. Respondents' most knowledgeable representative(s) with respect to any reports or correspondence prepared or exchanged by the divers and/or their supervisors to their employer Smit Terminals and/or Smit Salvage and/or Smit Terminals joint-venture Octomar's and/or Smit Subsea Services and/or Total S.A. and/or CSSA and/or FPA and/or any Angolan government body, including the port of Luanda Harbor Master, relating to any work done on the underwater pipeline, pontoon, or the Mighty Servant 3.

4. Respondents' most knowledgeable representative(s) with respect to documents, including photographs or video and drawings, concerning (a) marine pollution, (b) the New Challenge, (c) the submarine pipeline and pontoon during the period of December 2006 through March 2007, (d) the Mighty Servant 3, including all salvage, survey, and pollution removal, during the period of December 2006 through May 2007.

5. Respondents' most knowledgeable representative(s) with respect to the Luanda oil transport facility, pontoon, pipeline, shoreside tanks and refinery, pollution remediation, Mighty Servant 3, including but not limited to the February 2007 report by the National Fisheries Research Institute to the Luanda Port Authority entitled *Determination of the Hydrocarbon Composition of Oils Collected from Two Ships: New Challenge and Mighty Servant-3 and from a Surface Slick in the Waters of Luanda Bay*, and all inspections, testing, sampling, surveys, and fines and penalties and correspondence with Angolan port and government authorities.

6. Respondents' most knowledgeable representative(s) with respect to contracts relating to the salvage, survey, and pollution removal activities conducted on the Mighty Servant 3, such activities necessarily involved contracts, surveys, salvage reports, pollution reports, timesheets, drawings, photographs and video, including all permits, fines, penalties,

remediation requirements, and all correspondence related to those documents, including testimony concerning the salvage and pollution removal activities.