UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

CASE NO.: 4:11-MC-00128

In re: Application of Expedo Shipping Corporation

    Applicant,

v.

Smit International (Americas), Inc.,
Smit Salvage Americas, Inc., Mark Lamb,

    Respondents.
_____/

## Amended Order Granting Application for Discovery Assistance

THIS MATTER came before the Court pursuant to Applicant Expedo Shipping Corporation's ("Expedo" or the "Applicant") Renewed Application and Supporting Memorandum of Law for Discovery Assistance [D.E.-_] with respect to foreign legal proceedings (the "Renewed Application") in accordance with 28 U.S.C. § 1782.

A.    **Procedural History**

On March 17, 2011, the Applicant filed its original application (the "Original Application") for discovery assistance [D.E.-01] and supporting memorandum of law [D.E.-02] pursuant to 28 U.S.C. § 1782 against corporate misnomers SMIT Terminals and SMIT Salvage. On July 15, 2011, the Court granted that original application (the "Original Order") [D.E.-03]. The Applicant issued subpoenas *duces tecum* in an attempt to obtain discovery pursuant to the Original Order from Respondents Smit International (Americas), Inc., Smit Salvage Americas, Inc., and Mr. Mark Lamb ("Mr. Lamb") (collectively, the "Respondents"). The Respondents opposed the discovery sought, and on November 16, 2011, the Applicants moved [D.E.-06] for

1

an order compelling such discovery. In response, Respondents moved for an order quashing the Applicant's subpoenas and for a protective order [D.E.-07]. A hearing on all motions then pending before the Court was held on January 6, 2012.

After hearing oral argument from the parties' counsel, the Court ordered the following: (i) that Mr. Lamb could elect to appear for a deposition to clarify certain issues raised in the parties' filings with the Court; and (ii) that the Applicant was allowed to re-file a revised application based on the information gathered from Mr. Mark Lamb's deposition (should Mr. Lamb elect to appear for one), or based on the information the Applicant brought to the Court's attention (should Mr. Lamb refuse to make himself available for a deposition).

On February 24, 2012, the Applicant took the deposition of Mr. Lamb. On April 27, 2012, the Applicant filed its Renewed Application [D.E.-16] now before the Court.

**B.  Disposition**

The Court, upon review of the Renewed Application, Applicant's supporting memorandum, the legal authorities associated with 28 U.S.C. § 1782, and having considered the record in this cause and being otherwise advised in the premises, hereby ORDERS and ADJUDGES that:

1.  The Applicant's Renewed Application is GRANTED.

2.  Not later than February 11, 2013, Respondents shall each individually produce the following documents (or materials) to the Applicant:

*Documents Pertaining to the Leak of Crude Petroleum*

    a.  All documents in Respondents' possession, custody, or control (including, without limitation, any responsive document, regardless of its location, held by any affiliated entity forming part of the SMIT Group which any of the Respondents has the legal right, authority or practical ability to obtain upon demand) pertaining to any leak of crude petroleum in or around the Port of

2

        Luanda, Angola during the period of time from December 2006 through May 2007.

b. To the extent not produced in response to Request "a" above, all documents in Respondents' possession, custody, or control (including, without limitation, any responsive document, regardless of its location, held by any affiliated entity forming part of the SMIT Group which any of the Respondents has the legal right, authority or practical ability to obtain upon demand) describing, stating, referencing, or reciting Respondents' (including any affiliated entity forming part of the SMIT Group's) knowledge of any leak of crude petroleum in or around the Port of Luanda, Angola during the period of time from December 2006 through May 2007.

c. To the extent not produced in response to Requests "a" and "b" above, any document, including reports, activity logs (if any), and internal memoranda which any of the Respondents has the legal right, authority or practical ability to obtain upon demand, prepared by the salvage master and divers (and their corresponding supervisors or agents) employed by any affiliated entity forming part of the SMIT Group (including, without limitation, SMIT Salvage, N.V. and Octomar Servicios Maritimos Limitada) that describes, references or pertains to any leak of crude petroleum in or around the Port of Luanda, Angola during the period of time from December 2006 through May 2007. In providing information responsive to this Request, Respondents shall also identify the names, telephone numbers, employers, and current addresses of the salvage master and divers (as well as their corresponding supervisors or agents) above referenced.

*Documents Pertaining to Underwater Pipeline Repairs*

d. All documents in Respondents' possession, custody, or control (including, without limitation, any responsive document, regardless of its location, held by any affiliated entity forming part of the SMIT Group which any of the Respondents has the legal right, authority or practical ability to obtain upon demand) pertaining to any repairs performed by any affiliated entity forming part of the SMIT Group on underwater pipelines in or around the Port of Luanda, Angola during the period of time from December 2006 through May 2007.

e. To the extent not produced in response to Request "d" above, any document, including reports, activity logs (if any), and internal memoranda which any of the Respondents has the legal right, authority or practical ability to obtain upon demand, prepared by the salvage master and divers (or their corresponding supervisors or agents) employed by any affiliated entity forming part of the SMIT Group (including, without limitation, SMIT Salvage, N.V. and Octomar Servicios Maritimos Limitada) that describes, references or pertains to any repairs performed by any affiliated entity forming part of the SMIT Group on underwater pipelines in or around the Port of Luanda, Angola during the period of time from December 2006 through May 2007. In providing information responsive to this Request, Respondents shall also identify the names, telephone numbers,

    employers, and current addresses of the salvage master and divers (as well as their corresponding supervisors or agents) above referenced.

f. To the extent not produced in response to Requests "d" and "e" above, all documents in Respondents' possession, custody, or control (including, without limitation, any responsive document, regardless of its location, held by any affiliated entity forming part of the SMIT Group which any of the Respondents has the legal right, authority or practical ability to obtain upon demand) describing, stating, referencing or reciting Respondents' (including any affiliated entity forming part of the SMIT Group's) knowledge of any repairs performed by any person on underwater pipelines in or around the Port of Luanda, Angola during the period of time from December 2006 through May 2007.

*Documents Pertaining to the Mighty Servant 3 Salvage Activities*

g. All documents in Respondents' possession, custody, or control (including, without limitation, any responsive document, regardless of its location, held by any affiliated entity forming part of the SMIT Group which any of the Respondents has the legal right, authority or practical ability to obtain upon demand) pertaining to any salvage activities performed by any affiliated entity forming part of the SMIT Group in or around the Port of Luanda, Angola on the vessel the Mighty Servant 3 during the period of time from December 2006 through May 2007.

h. To the extent not produced in response to Request "g" above, any document, including reports, activity logs (if any), and internal memoranda which any of the Respondents has the legal right, authority or practical ability to obtain upon demand, prepared by the salvage master and divers (or their corresponding supervisors or agents) employed by any affiliated entity forming part of the SMIT Group (including, without limitation, SMIT Salvage, N.V. and Octomar Servicios Maritimos Limitada) that describes, references or pertains to any salvage activities performed by any affiliated entity forming part of the SMIT Group in or around the Port of Luanda, Angola on the vessel the Mighty Servant 3 during the period of time from December 2006 through May 2007. In providing information responsive to this Request, Respondents shall also identify the names, telephone numbers, employers, and current addresses of the salvage master and divers (as well as their corresponding supervisors or agents) above referenced.

i. To the extent not produced in response to Requests "g" and "h" above, all documents in Respondents' possession, custody, or control (including, without limitation, any responsive document, regardless of its location, held by any affiliated entity forming part of the SMIT Group which any of the Respondents has the legal right, authority or practical ability to obtain upon demand) describing, stating, referencing or reciting Respondents' (including any affiliated entity forming part of the SMIT Group's) knowledge of any salvage activities performed by any person in or around the Port of Luanda, Angola on the vessel

the Mighty Servant 3 during the period of time from December 2006 through May 2007.

*Documents Pertaining to Pollution Removal/Remedial Activities*

j. All documents in Respondents' possession, custody, or control (including, without limitation, any responsive document, regardless of its location, held by any affiliated entity forming part of the SMIT Group which any of the Respondents has the legal right, authority or practical ability to obtain upon demand) pertaining to any pollution removal, mitigation or remedial activities performed by any entity forming part of the SMIT Group in or around the Port of Luanda, Angola during the period of time from December 2006 through May 2007.

k. To the extent not produced in response to Request "j" above, any document, including reports, activity logs (if any), and internal memoranda which any of the Respondents has the legal right, authority or practical ability to obtain upon demand, prepared by the salvage master and divers (or their corresponding supervisors or agents) employed by any affiliated entity forming part of the SMIT Group (including, without limitation, SMIT Salvage, N.V. and Octomar Servicios Maritimos Limitada) that describes, references or pertains to any pollution removal, mitigation or remedial activities performed by any entity forming part of the SMIT Group in or around the Port of Luanda, Angola during the period of time from December 2006 through May 2007. In providing information responsive to this Request, Respondents shall also identify the names, telephone numbers, employers, and current addresses of the salvage master and divers (as well as their corresponding supervisors or agents) above referenced.

l. To the extent not produced in response to Requests "j" and "k" above, all documents in Respondents' possession, custody, or control (including, without limitation, any responsive document, regardless of its location, held by any affiliated entity forming part of the SMIT Group which any of the Respondents has the legal right, authority or practical ability to obtain upon demand) describing, stating, referencing or reciting Respondents' (including any affiliated entity forming part of the SMIT Group's) knowledge of any pollution removal, mitigation or remedial activities performed by any person in or around the Port of Luanda, Angola during the period of time from December 2006 through May 2007.

*Documents Pertaining to the Cause of Leak and Applicant's Liability Therefrom*

m. All documents in Respondents' possession, custody, or control (including, without limitation, any responsive document, regardless of its location, held by any affiliated entity forming part of the SMIT Group which any of the Respondents has the legal right, authority or practical ability to obtain upon demand) pertaining to the source or cause of any leak of petroleum and associated pollution in or around the Port of Luanda, Angola during the period of time from

December 2006 through May 2007. This Request includes any document held by any affiliated entity forming part of the SMIT Group which any of the Respondents has the legal right, authority or practical ability to obtain upon demand, pertaining to communications between any affiliated entity forming part of the SMIT Group and any governmental authority (including state owned entities) of the Government of Angola.

n. All documents in Respondents' possession, custody, or control (including, without limitation, any responsive document, regardless of its location, held by any affiliated entity forming part of the SMIT Group which any of the Respondents has the legal right, authority or practical ability to obtain upon demand) pertaining to the identification or determination of the person or entity that caused any leak of petroleum and associated pollution in or around the Port of Luanda, Angola during the period of time from December 2006 through May 2007. This Request includes any document held any affiliated entity forming part of the SMIT Group which any of the Respondents has the legal right, authority or practical ability to obtain upon demand, pertaining to communications between any affiliated entity forming part of the SMIT Group and any governmental authority (including state owned entities) of the Government of Angola.

o. All documents in Respondents' possession, custody, or control (including, without limitation, any responsive document, regardless of its location, held by any affiliated entity forming part of the SMIT Group which any of the Respondents has the legal right, authority or practical ability to obtain upon demand) pertaining to the identification or determination of the person or entity that caused any leak of petroleum and associated pollution in or around the Port of Luanda, Angola during the period of time from December 2006 through May 2007. This Request includes any document held any affiliated entity forming part of the SMIT Group which any of the Respondents has the legal right, authority or practical ability to obtain upon demand, pertaining to communications between any affiliated entity forming part of the SMIT Group and any governmental authority (including state owned entities) of the Government of Angola.

p. All documents in Respondents' possession, custody, or control (including, without limitation, any responsive document, regardless of its location, held by any affiliated entity forming part of the SMIT Group which any of the Respondents has the legal right, authority or practical ability to obtain upon demand) pertaining to any penalty, sanction or fine imposed by any governmental authority (including state owned entities) of the Government of Angola on the Applicant or on any other party related to the leak of crude petroleum and associated pollution in or around the Port of Luanda, Angola during the period of time from December 2006 through May 2007.

*Documents Prepared by Third Parties*

    q.    To the extent not produced in response to any of the above Requests, all documents (including memoranda, reports, studies or analyses) prepared by any third party in Respondents' possession, custody, or control (including, without limitation, any responsive document, regardless of its location, held by any affiliated entity forming part of the SMIT Group which any of the Respondents has the legal right, authority or practical ability to obtain upon demand) that discuss, mention, analyze, relate or pertain to any leak of crude petroleum, underwater pipeline repairs, salvage activities on the vessel Mighty Servant 3, and/or pollution removal, mitigation or remedial activities that took place in or around the Port of Luanda, Angola during the period of time from December 2006 through May 2007. In particular, the February 2007 report prepared by the National Fisheries Research Institute for the Luanda Port Authority entitled *Determination of the Hydrocarbon Composition of Oils Collected from Two Ships: New Challenge and Mighty Servant-3 and from a Surface Slick in the Waters of Luanda Bay*.

*Scope of Term "Document"*

    r.    The term "document" as used in the above Requests means any writing, invoice, drawing, graph, chart, photograph, video, and any other data compilation from which information can be obtained, translated, if necessary, including, without limitation, e-mails, electronic faxes, telephone messages and entries in appointment books, engagement calendars or diaries, whether such document exists in paper form, or in electronic form, and electronic or computerized files or data compilations whether saved in a paper format or in electronic devices such as workstations, laptop hard drives, personal digital assistants, network drives, portable discs (diskettes, compact discs, ZIP drives, etc.), back-up media, file servers and network storage devices. A draft or non-identical copy is a separate document within the meaning of the term "document." The term "document" includes all file indexes referring to documents produced in response to this Order, or to categories of documents including documents produced in response to this Order. The term "document" also includes all file folders, envelopes, or other items used to hold or store, together with the markings or labels thereon.

3. Not later than February 22, 2013, Respondents Smit International (Americas), Inc. and Smit Salvage Americas, Inc. shall each make available for a deposition by the Applicant, before a videographer and conducted in accordance with the Federal Rules of Civil Procedure, the following witness (or witnesses):

    a.    The most knowledgeable representative(s) of any affiliated entity forming part of the SMIT Group with respect to the leak of crude petroleum in or around the Port

7

      of Luanda, Angola during the period of time from December 2006 through May 2007.

b.    The most knowledgeable representative(s) of any affiliated entity forming part of the SMIT Group with respect to any repairs performed on underwater pipelines in or around Port of Luanda, Angola during the period of time from December 2006 through May 2007.

c.    The most knowledgeable representative(s) of any affiliated entity forming part of the SMIT Group with respect to any salvage activity performed in or around the Port of Luanda, Angola on the vessel the Mighty Servant 3 during the period of time from December 2006 through May 2007.

d.    The most knowledgeable representative(s) of any affiliated entity forming part of the SMIT Group with respect to any pollution removal, mitigation or remedial activity performed in or around the Port of Luanda, Angola during the period of time from December 2006 through May 2007.

e.    The most knowledgeable representative(s) of SMIT Salvage, N.V. with respect to the matters described above in letters "a," "b," "c," and "d" of Section 3 of this Order.

f.    The most knowledgeable representative(s) of Octomar Servicios Maritimos Limitada with respect to the matters described above in letters "a," "b," "c," and "d" of Section 3 of this Order.

4. Not later than February 22, 2013, Mr. Douglas Martin shall appear for a deposition by the Applicant, before a videographer and conducted in accordance with the Federal Rules of Civil Procedure, to answer questions pertaining to his knowledge of the following matters:

a.    Any leak of crude petroleum in or around the Port of Luanda, Angola during the period of time from December 2006 through May 2007.

b.    Any repair performed on underwater pipelines in or around Port of Luanda, Angola during the period of time from December 2006 through May 2007.

c.    Any salvage activity performed in or around the Port of Luanda, Angola on the vessel the Mighty Servant 3 during the period of time from December 2006 through May 2007.

d.    Any pollution removal, mitigation or remedial activity performed in or around the Port of Luanda, Angola during the period of time from December 2006 through May 2007.

5. The Court shall retain jurisdiction over this matter for the purpose of enforcing this Order and assessing any supplemental requests for discovery that may be requested by Applicant.

ORDERED on this 29th day of JA, 2013.

_____
UNITED STATES DISTRICT JUDGE

Miami: 4277234 v.3